`UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JAMIE S.,

        Plaintiff,

        v.

ANDREW SAUL,
Commissioner of the
Social Security Administration,

        Defendant.

Case No. 1:18-cv-00375-JVB

**OPINION AND ORDER**

Plaintiff Jamie S. seeks judicial review of the Social Security Commissioner's decision denying his disability benefits and asks this Court to remand the case. For the reasons below, this Court remands the Administrative Law Judge's decision.

**A. Overview of the Case**

Plaintiff applied for supplemental security income under Title XVI. In his application, Plaintiff alleged that he became disabled on March 22, 1994. (R. at 10.) After a hearing in 2017, the Administrative Law Judge ("ALJ") found that Plaintiff suffered from the severe impairments of anxiety and depression. (R. at 12.) The ALJ found that Plaintiff has no past relevant work. (R. at 19.) The ALJ did, however, find that a number of jobs existed which Plaintiff could perform. (R. at 19–20.) Therefore, the ALJ found him to be not disabled since June 19, 2015, the date the application was filed. (R. at 20.) This decision became final when the Appeals Council denied Plaintiff's request for review. (R. at 1.)

## B. Standard of Review

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).

## C. Disability Standard

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## D. Analysis

Plaintiff contends that the ALJ committed four reversible errors: the ALJ erred in evaluating Plaintiff's mental impairments at steps two and three; the ALJ failed to properly

account for Plaintiff's mental limitations in the RFC; the ALJ improperly weighed medical opinion evidence; and the ALJ erred in analyzing Plaintiff's subjective symptoms.

**(1) Medical Opinion Evidence**

Plaintiff argues that the ALJ erred in weighing the opinions of consultative examiners Dr. Charles Balke and Dr. Alan Stage. Plaintiff was examined by Dr. Stage in 2014, and the ALJ failed to discuss Dr. Stage's opinion, let alone afford it any weight. Plaintiff asserts this is an error requiring remand.

While recognizing that some medical opinions may have "controlling weight," the Regulations do not have specific levels of weight for all other opinions that do not fall into the "controlling weight" category. Rather, as with any kind of case where the weight of evidence needs to be considered, the weight designation of a medical opinion is an indication of how much significance is accorded to it. Therefore, the Court is not looking for just an adjective before the word "weight" (such as "great," "significant," "minimal," etc.) in the ALJ's decision, but for something that allows the Court to determine to what extent the ALJ found the medical opinion reliable. The ALJ still must weigh all medical opinion evidence pursuant to the factors in 20 C.F.R. § 404.1527. Those factors include supportability, consistency, relationship with the claimant, length of the treatment relationship, frequency of examinations, specialization, and other factors. 20 C.F.R. § 404.1527(c). Moreover, an examining medical source's opinion generally merits greater weight than a non-examining source's opinion. (*Id.*)

Dr. Stage gave Plaintiff several tests, and he found that although Plaintiff was cooperative, his affect was flat, his speech was pressured, and his behavior suggested difficulties with inattention and distractibility. (R. at 294.) Dr. Stage also administered a standardized

measure of cognitive abilities, the Wechsler Adult intelligence Scale ("WAIS-IV"). Plaintiff's overall score was a 61, falling within the "extremely low" range. (*Id.*) Dr. Stage also opined that Plaintiff's responses to the mental status exam indicated that his immediate, recent, remote, and working memory were all low average to below average. (R. at 297.) His verbal abilities, judgment, and abstract thinking were also low average to below average. (*Id.*)

The ALJ failed to discuss Dr. Stage's opinion. The ALJ is obligated to consider all the medical opinions in the record, and failure to consider the opinion of a consultant is a violation of SSR 96-9p. *See* 20 C.F.R. § 404.1527(c); *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013). Dr. Stage's opinion is consistent with Dr. Balke's opinion, yet the ALJ failed to discuss the opinion either on its own or in conjunction with Dr. Balke's opinion. This error requires remand.

Plaintiff further argues that the ALJ should have afforded Dr. Balke's opinion more weight, as he administered twenty-three tests over the course of three visits, interviewed family members, and reviewed all of the medical evidence in the record. Dr. Balke opined that Plaintiff suffered from constant, moderately severe anxiety, along with attention problems. (R. at 373.) He further opined that Plaintiff would miss more than three days a month of work due to his mental illness. (R. at 374.) Dr. Balke opined that if Plaintiff were working full time, he would be able to stay on task for less than 70% of the day. (R. at 376.) Dr. Balke also opined that Plaintiff's irritability would cause problems at work. (*Id.*)

Plaintiff asserts that the ALJ cherry picked evidence in finding that Dr. Balke's opinion was inconsistent with the record, and that he failed to discuss the consistency of the opinion with the medical record. The ALJ found that Plaintiff did not seek or require professional mental health treatment for his anxiety or depression since his application date. (R. at 17.) However, the ALJ failed to explore the reasons why Plaintiff did not seek treatment. Plaintiff received mental

health treatment until 2014, when he moved to Ohio with his mother. (R. at 59.) His mother testified that he hasn't received treatment since moving back because he has either lived with his father or on his own, and he cannot get to treatment on his own. (*Id.*) His mother stated that someone has to stay with him to make sure that he gets to treatment, and reminders are not enough. (*Id.*) Moreover, his father, who lives closest to him, refuses to take him to any treatment. (*Id.*) The ALJ ignored relevant evidence in finding that Plaintiff had not received mental health treatment and therefore must not need it.

The ALJ also found that Plaintiff could sustain attention to prepare meals, play video games, and watch movies with his girlfriend. (R. at 17.) However, the ALJ failed to acknowledge Plaintiff's difficulties in doing those activities. Although Plaintiff is capable of microwaving meals for himself, his mother testified that he often forgets to eat or cannot make himself food to feed himself. (R. at 60–61.) Plaintiff also testified that he only plays video games when his friend comes over, and that he never wins. (R. at 47.) Plaintiff testified that he had a girlfriend, but his mother testified that she is "on and off" and that she "would not call her a girlfriend." (R. at 62.) The ALJ failed to explain how agreeing to play video games with a friend or to watch a movie with a girlfriend equates to the ability to sustain attention for the duration of the activity. The ALJ also mischaracterized Plaintiff's ability to prepare meals as a measure of his ability to sustain attention.

The ALJ also failed to discuss the consistency of Dr. Balke's opinion with other medical evidence or other medical opinions. Dr. Stage's opinion from 2014 shares many similar opinions to Dr. Balke's 2017 opinion, yet the ALJ fails to discuss the consistency between the two opinions. Dr. Balke's opinion was also consistent with treatment notes. Treatment notes from 2014 mention anxious mood, memory deficits, insight and judgment that were "much less than

fair," mild confusion, circumstantial thought process requiring redirection, peripheral thought content, and halting speech. (R. at 332, 334, 335, 337, 338.) The ALJ has failed to discuss the consistency of these medical records with Dr. Balke's opinion, which requires remand.

**(2) Other Issues**

Plaintiff also raises additional issues regarding steps two and three, the RFC, and subjective symptoms. Because the ALJ erred in weighing medical evidence, remand is appropriate. Proper analysis of the medical opinions may alter the rest of the ALJ's decision. The Court remands this case due to a failure to properly weigh the opinions of Dr. Stage and Dr. Balke.

**(E) Conclusion**

The ALJ erred in weighing the medical opinion evidence. For these reasons, the court remands the case for further consideration.

SO ORDERED on September 23, 2019.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE